# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff-Respondent,**

**vs.**                             **No.**      **98cv0978 LH/JHG**
                                               **CR 97-23 LH**

**JOSE CARRILLO-ARBALLO,**

      **Defendant-Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Movant's (Carrillo's) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Carrillo, currently incarcerated and proceeding *pro se,* attacks the Judgment and Sentence entered on September 2, 1997, in the case styled *United States of America v. Jose Carrillo-Arballo*, and numbered CR 97-23LH, United States District Court for the District of New Mexico.

On December 13, 1996, Carrillo was charged with possession with intent to distribute 239.6 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). On January 8, 1997, Carrillo was indicted on one count of importing more than 100 kilograms of marijuana into the United States and aiding and abetting in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1), 21 U.S.C. § 960(b)(2) and 18 U.S.C. § 2 (Count I) and one count of possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2 (Count II).

On May 19, 1997, Carrillo pleaded guilty pursuant to a plea agreement to possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting in violation of 21

U.S.C. §841 (a)(1), 21 U.S.C. § 841(b)(1)(B) and U.S.C. § 2. Pursuant to the plea agreement, the Government dismissed Count I of the indictment. On August 11, 1997, Carrillo was sentenced to the mandatory minimum of 60 months incarceration, to be followed by four years supervised release. In the plea agreement, Carrillo waived his right to appeal and his right to challenge his sentence or the manner in which it was determined in any collateral attack, including a motion pursuant to 28 U.S.C. § 2255. Carrillo did not file a direct appeal. The instant motion constitutes his first attempt to collaterally attack the conviction or sentence.

In his Motion, Carrillo contends the United States breached the plea agreement and his attorney, Marcia Milner, provided ineffective assistance of counsel. Carrillo does not allege the plea violated Fed.R.Crim.P. 11 or was otherwise invalid.

The first question is whether the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case. The AEDPA applies to all cases filed after April 24, 1996. 28 U.S.C. § 2255; *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). The Motion was filed on August 10, 1998. Therefore, the AEDPA applies. The AEDPA imposed a one year period of limitation to § 2255 proceedings. 28 U.S.C. § 2255. The Judgment and Sentence was filed on September 2, 1997. The Motion, filed less than one year later, is timely under the AEDPA.

The Government contends Carrillo's claims are procedurally defaulted because he failed to file a direct appeal. Indeed, Carrillo waived his right to file a direct appeal in his plea agreement. Ordinarily, a § 2255 motion is not available to test the legality of matters which should have been addressed on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982)*; United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). A movant who failed to present an issue on direct appeal is barred from doing so in a §2255 motion, unless he can show cause for his procedural default and actual

prejudice resulting from the alleged errors, or unless he can show a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.* However, the procedural bar rule of *Frady* does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). Carrillo alleged ineffective assistance of counsel in his § 2255 motion. Thus, the Motion is not barred by procedural default under *Frady*.

In the plea agreement, Carrillo also waived his right to challenge his sentence or the manner in which it was determined in any collateral attack, including a motion pursuant to 28 U.S.C. § 2255. A defendant's knowing and voluntary waiver of his statutory right to appeal or to file a § 2255 motion is generally enforceable. *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir.1998) (accused may waive right to appeal); *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1994) (accused may waive right to file § 2255 motion). However, such a waiver does not necessarily foreclose a defendant's right to challenge the effectiveness of counsel. *United States v. Abarca*, 985 F.2d 1012,1013(10th Cir.1993). Because Carrillo raises ineffective assistance of counsel, his § 2255 motion is not automatically barred by the waiver contained in the plea agreement. However, it is not necessary to actually resolve the waiver issue because Carrillo's substantive claims are without merit.

In his Motion, Carrillo argues the Government breached the plea agreement by failing to move for a sentence below the mandatory minimum on the basis of his cooperation pursuant to U.S.S.G § 5K1.1. Section 5K1.1 permits a sentencing court to depart downward from the guideline range "[u]pon motion of the government stating the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." Under § 5K1.1, the Government is not required to file a motion for downward departure, but instead is granted discretion to do so. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840 (1992). The Government's

discretionary refusal to file a substantial assistance motion is subject to judicial review in only very limited circumstances. *United States v. Lee,* 989 F.2d 377, 379 (10th Cir. 1993).The Court may question such a refusal only if the decision was motivated by an unconstitutional motive, was not rationally related to a legitimate government interest, or the Government bargained away its discretion in a plea agreement by unequivocally promising to file a § 5K1.1 motion. *United States v. Courtois*, 131 F.3d 937, 938-939 (10th Cir. 1997).

In this case, the plea agreement contains absolutely no reference to a § 5K1.1 motion. Thus, the Government did not bargain away its discretion in this regard. Carrillo has not alleged an unconstitutional motive on the part of the Government, or any other ground which would have curtailed the Government's discretion with respect to the filing of a § 5K1.1 motion. In other words, the Government was under no obligation to file a § 5K1.1 motion. Under these circumstances, the Government did not breach the plea agreement by failing to file a motion pursuant to § 5K1.1.

Carrillo also argues Ms. Milner rendered ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Carrillo must show Ms. Milner's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for her unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995)(citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In the context of a guilty plea case, the first prong of *Strickland* includes counsel's informed opinion as to what plea should be entered. *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997). With respect to the second prong, Carrillo must show there is a reasonable probability that, but for the deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989). Carrillo has the burden of

establishing both prongs of *Strickland*. *Hatch v. Oklahoma*, 58 F.2d 1447, 1457 (10th Cir. 1995).

Carrillo claims Ms. Milner was ineffective by failing to bring the alleged breach of the plea agreement to the Court's attention and by failing to advise him of his right to appeal. The Government did not breach the plea agreement. An argument that the Government breached the agreement would have been completely devoid of merit. Failure to raise a specious argument is not ineffective assistance of counsel. *United States v. Cook*, 45 F.3d 388, 392-393 (10th Cir. 1995). Ms. Milner did not render ineffective assistance of counsel by not arguing the Government breached the plea agreement.

Carrillo also claims Ms. Milner was ineffective because she did not advise him to appeal the Government's alleged breach of the plea agreement. As noted above, the Government did not breach the plea agreement. Since Carrillo waived his right to appeal in the plea agreement, any appeal would have been futile under *Hernandez v. United States*, 134 F.3d at 1437. Once again, Carrillo failed to demonstrate prejudice within the meaning of *Strickland*. Ms. Milner did not render ineffective assistance of counsel by failing to advise Carrillo to appeal the Government's alleged breach of the plea agreement.

## RECOMMENDED DISPOSITION

Carrillo's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied.

_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.